**GREEN et al. v. ARNOLD, Acting Collector of Internal Revenue.**

Civ. No. 3699.

United States District Court
N. D. Texas.

Oct. 11, 1949.

Callahan, Campbell & McCord, Dallas, Texas, represented the plaintiffs.

Rhodes S. Baker, Special Assistant to the Attorney General, and O. Morris Harrell, Assistant United States District Attorney, Dallas, Texas, represent the defendant.

ATWELL, Chief Judge.

I think one has a right to choose his partners, and while those of us who know something about children stagger a little bit when it is discovered that one wishes the taxing authority to recognize his right to make a fourteen year old girl understand about business so that she may, in truth and in fact, be one of the partners we hesitate.

The testimony relating to the little girl, and that is what she was, a litte girl, as well as her sister, who was four years older, I think, that each of them had five shares of stock in the Corsicana National Bank. That stock was worth between $700.00 and $800.00 for each girl.

From that stock, and from smaller gifts doubtless, there had arisen dividends which, with the smaller gifts, were in a savings account which each had in another bank, so that the total assets of each of the daughter partners was about $1,000.00. Each was a minor. The Trustee of that bank stock was the father. The grandmother of those daughters trusted the Trustee to see that her trust for the benefit of her grand-children was actually carried out.

He explained to the daughters, so he swears, that they might lose that $1,000.00 if they went in as partners.

The little girl who testified—the young girl who testified, who was the younger then, and who is now about 20, said that she does not work for him now. She works for the telephone company. She never has worked seriously for him. While she was going to school, she would go down to answer the telephone, or to file papers. The salary she could get there was not satisfactory, and so she went to somebody else, working for somebody else.

So, what did the partnership which succeeded the corporation get from these two young girls? It got nothing, except two promissory notes payable on demand, for which demand was never made, but the notes were paid from earnings from the partnership business. Those earnings exceeded the face of the notes after the expiration of two years. There was no interest paid in the meantime.

Those facts, as I say, and which I find, are causes which make us hesitate a little bit. As I understand the present holdings of the appellate courts, the good faith intention of the parties to form a partnership must be sought for, and, if found, it must prevail, if there is substantial assistance.

I am not willing to label Mr. Green as a perjurer here, nor the young woman who testified, as a perjurer, nor the auditor who made these various figures for this company, and for the corporation which succeeded it, as a perjurer. They all accept this as a partnership. So do I. Made in good faith and with assisting capital and labor.

I find for the Plaintiff, with the certification that Mr. Arnold should be protected, that the government should pay.

You will draw a decree, to be okayed by Mr. Baker, saving such exception as he may wish.